# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 6:15-cv-1297-Orl-40GJK**

**LINDA VULEVIC,**

**Defendant.**

---

## ORDER

This cause came on for consideration on Plaintiff's January 21, 2016, Motion for Entry of Default Judgment (the "Motion"). Doc. No. 17. This case involves recovery of unpaid student loans. Doc. No. 1. On September 10, 2015, the Clerk entered default against Defendant. Doc. No. 7. Plaintiff subsequently filed the Motion requesting the Court enter default judgment against Defendant in the total amount of $14,519.26, which represents $7,227.18 in unpaid principal, $6,377.08 in unpaid interest through January 14, 2016, $880.00 in attorney's fees, and $35.00 in costs. Doc. No. 17 at 2. In addition, Plaintiff seeks an award of prejudgment and post-judgment interest. *Id*. at 5.

Upon review, it appears Plaintiff has demonstrated that it is entitled to default judgment against Defendant, but the Court questions the damages Plaintiff seeks. Plaintiff bears the burden of demonstrating that it is entitled to recover the amount of damages sought in the Motion. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). In this case, Plaintiff has filed Certificates of Indebtedness from the United States Department of Education and a declaration from counsel in support of its damages calculation. Doc. No. 17 at 9-14. Unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation,

the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). It is unclear, after review of the Motion and evidence filed in support thereof how Plaintiff arrived at the total amount of unpaid principal and interest through January 14, 2016. Specifically, the Court seeks clarification concerning the following:

- The source of the interest rates and the calculation of interest following Defendant's loan defaults on May 16, 1995 and November 27, 1995.

- The effect(s) of applying the payments and Treasury Offsets mentioned in counsel's Declaration of Interest on calculating the amount owing on each loan.[1]

It may be a full evidentiary hearing on damages is unnecessary. Instead, the Court will, at this time, hold a hearing on the Motion so Plaintiff may have an opportunity to explain in detail how it calculated the unpaid principal and interest through January 14, 2016.

Accordingly, it is **ORDERED** that **on Wednesday, April 27, 2016, at 10:00 A.M., the undersigned will hold a hearing in Courtroom 3C** to address the Motion (Doc. No. 17).

**DONE** and **ORDERED** in Orlando, Florida on April 12, 2016.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

[1] This list is not exhaustive of the issues the Court may discuss during the hearing, as additional issues may arise as Plaintiff explains how it calculated its damages.