**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 6:15-cv-1297-Orl-40GJK**

**LINDA VULEVIC,**

**Defendant.**

---

# REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **SECOND RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. No. 26)** |
| **FILED:** | **January 13, 2017** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I. FACTUAL BACKGROUND

On or about August 9, 1993, Defendant executed a promissory note to secure a Supplemental Loans for Students loan ("Loan One"). Doc. No. 26-1 at 4. Loan One was disbursed for $3,975.00 from September 13, 1993 to December 30, 1993. *Id.* On or about August 9, 1993, Defendant executed a promissory note to secure a Federal Family Education Loan Program Stafford loan ("Loan Two") (along with Loan One, the "Loans"). *Id.* Loan Two was disbursed for $2,625.00 from September 13, 1993 to December 30, 1993. *Id.* The Loans were held by Citibank, and guaranteed by the New York State Higher Education Services Corporation (the "Guarantor").

*Id*. The Loans were then reinsured by the United States Department of Education (the "DOE") under loan guaranty programs allowed under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §1071 *et seq*. *Id.*

On May 16, 1995, Defendant defaulted on Loan One. *Id*. On November 27, 1995, Defendant defaulted on Loan Two. *Id.* Because Defendant defaulted on the Loans, Citibank filed a claim on the Guarantor's loan guarantee. *Id.* The Guarantor, now the holder of the Loans, attempted to collect the defaulted debt, but was unable to collect the full amount due. *Id.* Accordingly, on November 21, 2003 and July 22, 2004, the Guarantor assigned its right and title to Loan One and Loan Two respectively, to the DOE. *Id.* Since this assignment, the DOE has held and attempted to collect on the defaulted debt. *Id.* at 5.

On August 4, 2015, Plaintiff filed a complaint (the "Complaint") against Defendant seeking to recover money owed from the Loans. Doc. No. 1. In the Complaint, Plaintiff seeks: 1) a judgment awarding the sums owed plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. §1961; and 2) attorneys' fees to the extent allowed by law. *Id.* at 2-3.

On August 25, 2015, Plaintiff filed an Affidavit of Service stating that Defendant was served via substitute service on August 13, 2016:

> I, [the process server], being duly sworn, depose and say that on the 13th day of August, 2015 at 4:40 pm, I:
>
> Substitute Service: Served a true copy of this Summons in a Civil Action and Complaint with the date and hour of service endorsed thereon by me to… [Defendant's] daughter & Co-resident, at the within named person's usual place of abode, to a person residing at 324 Pressview Avenue, Longwood, FL 32750, who is 15 years of age or older and informing said person of the contents thereof, pursuant to [Florida Statutes § 48.301].

Doc. No. 4 at 2 (emphasis added). Thus, the affidavit of service states that Defendant was served via substitute service because Defendant's daughter (who was at least fifteen years old and a co-resident of Defendant's usual place of abode) was served. *Id.* On September 9, 2015, Plaintiff moved for an entry of clerk's default, noting Plaintiff's failure to respond to the Complaint within the required time period under Federal Rule of Civil Procedure 12(a). Doc. No. 6 at 2. On September 10, 2015, the Clerk entered Clerk's default. Doc. No. 7.

On January 13, 2017, Plaintiff filed a motion for default judgment (the "Motion"). Doc. No. 26. In the Motion, Plaintiff requests that the Court enter default judgment in favor of Plaintiff and against Defendant as follows:

> 1) For a total of $13,856.67 consisting of principal in the amount of $7,227.18 together with accrued interest in the amount of $6,629.49 as of January 13, 2017;
>
> 2) For interest of the total principal amount accruing thereafter at the current rate of 3.65% or $0.43530 per day as to [Loan One] and 3.45% or $0.27115 per day as to [Loan Two], until the date of judgment;
>
> 3) For such other costs of litigation otherwise allowed by law…[1]

*Id.* at 6. In support of the Motion, Plaintiff attaches a declaration from Philippe Guillon, a senior loan analyst from the DOE. Doc. No. 26-1. Plaintiff also attaches two certificates of indebtedness completed by Mr. Guillon on December 6, 2016. Doc. Nos. 26-2, 26-3. The certificates of indebtedness show the amounts owed on the Loans as of May 24, 2016. *Id.* Mr. Guillon certified under penalty of perjury that the information stated therein is true and correct. *Id.*

[1] Plaintiff states that should the Court enter judgment in its favor, it intends to file a Bill of Costs for $400.00 within fourteen days of entry of judgment. Doc. No. 26 at 6 n. 5. The request is to seek reimbursement for the filing fee pursuant to 28 U.S.C. § 2412(a)(1). *Id.* Plaintiff has abandoned their request for attorney's fees and costs outside of the aforementioned filing fee. *Id.*

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure establish a two-step process for obtaining a default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure (and that fact is made to appear by affidavit or otherwise) the Clerk enters default. Fed. R. Civ. P. 55(a). Second, after obtaining clerk's default, the plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard does not require detailed factual allegations, but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To this end, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). To state a plausible claim for relief, plaintiff must go beyond merely pleading the "sheer possibility" of unlawful activity by a defendant and offer "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). If plaintiff fails to meet this pleading standard, then plaintiff will not be entitled to default judgment.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

If plaintiff is entitled to default judgment, then the court must consider whether plaintiff is entitled to the relief he or she requests in their motion for default judgment. With respect to a request for damages, plaintiff bears the burden of demonstrating that he or she is entitled to recover the amount of damages sought in their motion for default judgment. *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008). Unlike well-pled allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default. *Id.* Rather, the court must determine both the amount and character of damages. *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). Therefore, even in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters[.]" *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). *See also Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects a basis for an award of damages). Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005). However, no hearing is needed "when the district court already has a wealth of evidence from the [movant], such that any additional evidence would be truly unnecessary to a fully informed determination of damages." *Id.* at 1232 n.13. *See also Wallace*, 247 F.R.D. at 681 ("a hearing is not necessary if sufficient evidence is submitted to support the request for damages").

## III. ANALYSIS

### A. Service of Process

Before the Court issues a default judgment, the Court must analyze whether the defendant was properly served. *See Thomas Cook UK Ltd. v. Maesbury Homes, Inc.* 280 F.R.D. 649, 652 (M.D. Fla. 2012). Federal Rule of Civil Procedure 4(e) states:

> **(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) (emphasis added). Thus, an individual can be served by, *inter alia*, leaving a copy of the summons and complaint at the person's dwelling or usual place of abode with someone of a suitable age and discretion who resides therein. *Id.* The undersigned finds that Plaintiff has satisfied Rule 4(e). Plaintiff's affidavit of service states that Defendant's fifteen-year-old daughter was served with a copy of the summons and complaint. Doc. No. 4 at 2. Plaintiff's daughter was served at Defendant's "usual place of abode" and is a co-resident therein. *Id. See also* Fla. Stat. § 48.301(a) (providing for service of process on an individual by leaving copies of the initial

pleading at a person's usual place of abode with any person residing therein who is fifteen years of age or older). Accordingly, the undersigned finds that Defendant was properly served according to Federal Rule of Civil Procedure 4(e)(2)(B).

**B. Liability**

"To recover on a promissory note for a federally-insured student loan, the U.S. government [must] show: (1) the defendant signed the note; (2) the U.S. government is the present owner and holder of the note; and (3) the note is in default." *U.S. v. Romero*, 562 F. App'x 943, 948 (11th Cir. 2014) (citing *U.S. v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009); *U.S. v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001)).[3] Here, Mr. Guillon's declaration and the certificates of indebtedness state that Defendant executed promissory notes for the Loans on or about August 9, 1993. Doc. No. 26-1 at 4; Doc. No. 26-2; Doc. No. 26-3. Because of Citibank's claim on the Guarantor's loan guarantee and the later assignment of the Loans from the Guarantor to the DOE, Plaintiff is the present holder of the Loans. *See* Doc. No. 26-1 at 4. Finally, as stated above, Defendant defaulted on the Loans in 1995. *Id.* Accordingly, Plaintiff has proven sufficient facts showing Defendant's liability for the unpaid debt at issue.

**C. Damages**

The certificates of indebtedness state that as of May 24, 2016, Defendant is indebted to Plaintiff in the amounts stated below:

| **Loan** | **Principal** | **Interest (as of 5/24/2016)** | **Total Debt (As of 5/24/2016)** |
|---|---|---|---|
| Loan One | $4,356.49 | $4,025.33 | $8,381.82 |
| Loan Two | $2,870.69 | $2,440.94 | $5,311.63 |
| **TOTAL** | | | **$13,693.45** |

[3] In the Eleventh Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

Doc. Nos. 26-1 at 3, 26-2, 26-3. Thus, as of May 24, 2016, Defendant owes Plaintiff $13,693.45 for the Loans.

The Motion and Mr. Guillon's declaration also provide information regarding how interest was calculated from May 24, 2016 to January 13, 2017 (the date the Motion was filed). The Motion states that the Loans' interest rates are set yearly according to a formula mandated by statute. Doc. No. 26 at 3. The Loans' interest periods run from July 1 to June 30 of each year. *Id.* at 5. The Motion was filed two hundred thirty-four days after the effective date of the certificates of indebtedness. *Id.* Thirty-seven of those days fell within the interest period from July 1, 2015 to June 30, 2016 (the "First Interest Period"). *Id.* One hundred ninety-seven of those days fell within the interest period from July 1, 2016 to June 30, 2017 (the "Second Interest Period"). *Id.* The daily interest for each loan is as follows:

- Loan One – First Interest Period: $0.40433
- Loan One – Second Interest Period: $0.43530
- Loan Two – First Interest Period: $0.24521
- Loan Two – Second Interest Period: $0.27115

Doc. No. 26 at 5, Doc. No. 26-1 at 3. *See also Id.* (calculating daily interest from the interest rates mandated by law). Thus, after multiplying the daily interest by the number of days that fell within each interest period, the following accrued interest is found for the period from May 24, 2016 to January 13, 2017:

- Loan One – First Interest Period: $0.40433 x (37 days) = $14.96
- Loan One – Second Interest Period: $0.43530 x (197 days) = $85.76
- Loan Two – First Interest Period: $0.24521 x (37 days) = $9.07
- Loan Two – Second Interest Period: $0.27115 x (197 days) = $53.42

- **Total Loan Interest for the Loans from 5/24/16 to 1/13/2017 = $163.21**

Doc. No. 26 at 5, Doc. No. 26-1 at 3. Thus, Defendant owes $163.21 in accrued interest for the period between the effective date of the certificates of indebtedness and the filing of the Motion. *Id.* The accrued interest is comprised of $100.72 for Loan One and $62.49 for Loan Two. *Id.* When combined with the amount reflected in the certificates of indebtedness, the following amounts are found:

| **Loan** | **Principal** | **Interest (as of 5/24/2016)** | **Interest (from 5/24/2016 to 1/13/2017)** | **Accrued Interest (as of 1/13/2017)** | **Total Debt (Principal + Accrued Interest)** |
|---|---|---|---|---|---|
| Loan One | $4,356.49 | $4,025.33 | $100.72 | $4,126.05 | $8,482.54 |
| Loan Two | $2,870.69 | $2,440.94 | $62.49 | $2,503.43 | $5,374.12 |
| Subtotals | $7,227.18 | | | $6,629.48 | $13,856.66 |
| **GRAND TOTAL** | | | | | **$13,856.66** |

Thus, as of January 13, 2017, Defendant owes Plaintiff a total of $13,856.66 for the unpaid debt on the Loans. Doc. No. 26 at 6; Doc. No. 26-1 at 8. Such total is comprised of: 1) $4,356.49 in principal and $4,126.05 in outstanding interest for Loan One; and 2) $2,870.69 in principal and $2,503.43 in outstanding interest for Loan Two.[4] Thus, Plaintiff has provided sufficient information regarding the amount requested in the Motion.[5]

[4] The penny discrepancy between Plaintiff's request and the Court's calculation can be attributed to Plaintiff's rounding up of the calculations. See Doc. No. 26 at 5 n. 4; Doc. No. 26-1 at 3 n.3.

[5] Because Plaintiff has also provided the Loans' daily interest for Second Interest Period (which is still in effect), the undersigned finds that Plaintiff has also provided sufficient information regarding her second request: "For interest of the total principal amount accruing thereafter at the current rate of 3.65% or 0.43530 per day as to [Loan One] and 3.45% or 0.27115 per day as to [Loan Two], until the date of judgment." Doc. No. 26 at 6. *See also* 28 U.S.C. § 1961 (providing that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court").

**D. Court Costs**

Plaintiff states that should the Court enter judgment in its favor, it intends to file a bill of costs within fourteen days of entry of default judgment. Doc. No. 26 at 6 n.5. Plaintiff states that the proposed bill of costs will seek to recover the $400.00 filing fee. *Id.* Plaintiff states that it is entitled to such fees under 28 U.S.C. § 2412(a)(1). *Id.* The undersigned agrees. 28 U.S.C. § 2412(a)(1) states:

> (a)(1) Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added). Thus, unless otherwise provided by statute, court costs can be awarded to the prevailing party in any civil action brought by or against the United States. *Id.* The undersigned finds that Plaintiff has provided sufficient information regarding entitlement to court costs.

**IV. CONCLUSION**

Based on the foregoing, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 26) as follows:

1) Enter a final default judgment for in Plaintiff's favor and against Defendant in the total amount of $13,856.66 (which includes prejudgment interest through January 13, 2017) plus per diem prejudgment interest on Loan One and Loan Two at the rate specified above through the date judgment is entered; and

2) Directing Plaintiff to file a motion for an award of costs within fourteen days of entry of the aforementioned judgment.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 18, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy